```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

GRAYDON R. BOLES and
C. ROGER BOLES,

    Plaintiffs,

v.                              Case No. 8:13-cv-2059-T-33TBM

REBECCA RIVA, NATHAN A.
CARNEY, ERIC S. KOENIG,
KELLY J. RUOFF, and JOHN B.
KENT,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court pursuant to Defendant John B. Kent's Motion to Dismiss (Doc. # 37) and Defendants Rebecca Riva, Nathan A. Carney, Eric S. Koenig, and Kelly J. Ruoff's Motion to Dismiss (Doc. # 38), filed October 17, 2013, and October 18, 2013, respectively. On October 21, 2013, Plaintiff Graydon R. Boles filed, on behalf of both Plaintiffs, a construed response in opposition to the Motions (Doc. # 39), which Graydon R. Boles re-filed on October 23, 2013 (Doc. # 44).

For the reasons stated below, the Court grants both Motions to Dismiss. However, in light of Plaintiffs' *pro se* status, this case is dismissed without prejudice so that

Plaintiffs may have an additional opportunity to state a cause of action, if possible.

I.  **Background**

On August 9, 2013, *pro se* Plaintiffs Graydon R. Boles and C. Roger Boles filed a complaint against Defendants. (Doc. # 1). Plaintiffs filed an amended complaint on August 13, 2013. (Doc. # 3). On September 4, 2013, Defendants moved to dismiss the amended complaint (Doc. # 14), and Plaintiffs responded in opposition on September 13, 2013 (Doc. # 30). On September 20, 2013, this Court granted the Defendants' motion, but dismissed the case without prejudice so that Plaintiffs could file a second amended complaint by October 10, 2013. (Doc. # 33). Plaintiffs filed a second amended complaint on October 7, 2013. (Doc. # 36).

In the second amended complaint, Plaintiffs allege that Defendants "acting in concert conspired and invidiously discriminated against the [P]laintiffs by subjecting them to the deprivation of rights secured by the due process clause and equal protection clause guaranteed by the Federal Constitution while acting under color of state law." (Id. at 1). Specifically, Plaintiffs' "claim for relief arises out of [D]efendants['] concerted attempts

2

to collect a money judgment for attorney['s] fees not authorized by [P]laintiffs." (Id. at 2).

Defendants filed the present Motions to Dismiss seeking dismissal of Plaintiffs' second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (See Doc. ## 37, 38). On October 21, 2013, Plaintiff Graydon R. Boles filed, on behalf of both Plaintiffs, a motion to strike (Doc. # 39), which this Court construes as a response in opposition to Defendants' Motions to Dismiss (Doc. # 43). Graydon R. Boles re-filed the construed response in opposition to the Motions to Dismiss on October 23, 2013. (Doc. # 44).

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable

inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**III. Analysis**

 **A. 42 U.S.C. § 1983**

 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

"To state a cause of action under section 1983, [a] [p]laintiff must allege: (1) that he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law." Ridley v. Stewart, No. 3:07-cv-1173-J-16JRK, 2008 WL 876960, at *3 (M.D. Fla. Mar. 27, 2008) (citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)).

The Eleventh Circuit has explained that "an otherwise private person acts under color of state law when he is 'a willful participant in joint action' with a state actor." Cox v. Mills, 465 F. App'x 885, 887 (11th Cir. 2012)(quoting Harvey, 949 F. 2d at 1133). "In this respect, the plaintiff must 'plead in detail, through reference to material facts, the relationship or nature of the

5

conspiracy' between the private person and the state actor." Id. "It is insufficient to 'merely string together' discrete events, without showing support for a reasoned inference that the private and state actors agreed to violate the plaintiff's rights." Id.; see also Croy v. Skinner, 410 F. Supp. 117, 126 (N.D. Ga. 1976) ("[E]ven under the liberal federal pleading rules, a complainant under [Section 1983] must allege specific facts showing either the existence or the execution of the claimed conspiracy. Moreover, these facts must show overt acts related to the promotion of the conspiracy, and some link between the alleged conspirators. . . . The complaint must do more than merely state vague and conclusionary allegations respecting the existence (and operation) of a conspiracy.")

"The Eleventh Circuit has identified three tests for determining whether a private person or entity should be considered a state actor: '(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test.'" Ridley, 2008 WL 876960 at *3; (quoting Nat'l Broad. Co. v. Commc'ns Workers of Am., 860 F.2d 1022, 1026 (11th Cir. 1988)).

> The public function test is very limited and applies only when the private party is performing a function that is traditionally within the exclusive purview of the government. Similarly, "the state compulsion test . . . limits state action to instances in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution."
>
> * * *
>
> To find state action under [the nexus/joint action test], a court must determine that "the State had so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise." Such a finding requires that the governmental body and the private party are intertwined in a symbiotic relationship.

Id. at *3-4 (internal citations omitted).

Courts construe the pleadings of *pro se* litigants more liberally than formal pleadings drafted by lawyers. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, even when construed liberally to account for Plaintiffs' *pro se* status, Plaintiffs have failed to explain how the conduct complained of was committed by a Defendant who was acting under color of state law. Plaintiffs do not sufficiently demonstrate that Defendants were performing traditional governmental functions when they, "acting in concert conspired and invidiously

7

discriminated against [P]laintiffs by subjecting them to the deprivation of rights secured by the due process clause and equal protection clause guaranteed by the Federal Constitution." (See Doc. # 36 at 1). In addition, Plaintiffs do not assert that Defendants were encouraged or coerced by the government in their alleged actions. Finally, Plaintiffs have failed to establish that a "symbiotic relationship" existed between any governmental body and the private Defendants.

From the Court's review, the second amended complaint merely references 42 U.S.C. § 1983 without providing the Court with any support indicating its applicability to this action. More than once, the second amended complaint states that Defendants "acted under color of state law" to "deprive" Plaintiffs of certain rights, (See Id. at 1, 5), but the second amended complaint lacks corresponding factual allegations to properly state a claim under 42 U.S.C. § 1983. This Court is under no duty to scrutinize Plaintiffs' factual allegations and hypothesize as to what potential cause of action these facts might support.

Accordingly, this Court finds that Plaintiffs have failed to state a claim for relief and therefore, Defendants' Motions to Dismiss are granted. However, in

light of Plaintiffs' *pro se* status, the case is dismissed without prejudice so that Plaintiffs may have the opportunity to file a third amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure.

**B.   Attorney's Fees**

In their Motions, Defendants assert that they are entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988. (Doc. ## 37 at 11; 38 at 6). Under 42 U.S.C. § 1988, "a prevailing defendant is entitled to recover attorney's fees if 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Sibley v. Levy, 203 F. App'x 279, 280 (11th Cir. 2006) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" Id. (quoting Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)).

Although 42 U.S.C. § 1988 allows this Court to award attorney's fees in an action to enforce a provision of 42

U.S.C. § 1983, this Court notes that the language of § 1988 provides that it is within the Court's discretion to award such fees. Upon consideration of the circumstances surrounding this matter, the Court declines to award attorney's fees pursuant to 42 U.S.C. § 1988.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant John B. Kent's Motion to Dismiss Plaintiffs' Second Amended Complaint with Prejudice (Doc. # 37) and Defendants Rebecca Riva, Nathan A. Carney, Eric S. Koenig, and Kelly J. Ruoff's Motion to Dismiss Second Amended Complaint (Doc. # 38) are **GRANTED** to the extent the case is dismissed without prejudice.

(2) Plaintiffs may file a third amended complaint on or before November 19, 2013.

(3) If Plaintiffs do not file a third amended complaint by November 19, 2013, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of October, 2013.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record