UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRAYDON R. BOLES and
C. ROGER BOLES,

Plaintiffs,

v. Case No. 8:13-cv-2059-T-33TBM

REBECCA RIVA, NATHAN A. CARNEY, ERIC S. KOENIG, KELLY J. RUOFF, and JOHN B. KENT,

Defendants.
_______________________________/

**ORDER**

This matter comes before the Court pursuant to Defendant John B. Kent's Motion to Dismiss (Doc. # 54) and Defendants Rebecca Riva, Nathan A. Carney, Eric S. Koenig, and Kelly J. Ruoff's Motion to Dismiss (Doc. # 55), both filed on November 8, 2013. Plaintiff Graydon R. Boles filed, on behalf of both Plaintiffs, a response in opposition to the Motions on December 5, 2013. (Doc. # 58). For the reasons stated below, this Court grants Defendants' Motions to Dismiss, and as a result Plaintiffs' third amended complaint is dismissed with prejudice.

## I. Background

On August 9, 2013, *pro se* Plaintiffs Graydon R. Boles and C. Roger Boles filed a complaint against Defendants Riva, Carney, Koenig, and Ruoff. (Doc. # 1). Plaintiffs filed an amended complaint on August 13, 2013, adding John B. Kent as a Defendant. (Doc. # 3). On September 4, 2013, Defendants Riva, Carney, Koenig, and Ruoff moved to dismiss the amended complaint (Doc. # 14), and Plaintiffs responded in opposition on September 13, 2013 (Doc. # 30). The Court found that Plaintiffs' amended complaint failed to provide a plain statement showing that Plaintiffs were entitled to relief, and on September 20, 2013, the Court granted the Defendants' motion to dismiss. (Doc. # 33). However, the case was dismissed without prejudice so that Plaintiffs could file a second amended complaint by October 10, 2013. (Id.).

Plaintiffs filed a second amended complaint on October 7, 2013. (Doc. # 36). Thereafter, Defendants filed motions to dismiss seeking dismissal of Plaintiffs' second amended complaint. (Doc. ## 37, 38). On October 21, 2013, Plaintiff Graydon R. Boles filed, on behalf of both Plaintiffs, a motion to strike (Doc. # 39), which this Court construed as a response in opposition to Defendants' motions to dismiss (Doc. # 43). Graydon R. Boles re-filed the construed

response in opposition to the motions to dismiss on October 23, 2013. (Doc. # 44).

On October 29, 2013, the Court granted Defendants' motions to dismiss. (Doc. # 45). In doing so, the Court found that even when construed liberally to account for Plaintiffs' *pro se* status, Plaintiffs failed to properly state a claim under 42 U.S.C. § 1983; specifically, Plaintiffs failed to demonstrate how the conduct complained of was committed by a Defendant who was acting under color of state law. (Id. at 7). In light of Plaintiffs' *pro se* status, the case was again dismissed without prejudice so that Plaintiffs could file a third amended complaint that complied with the pleading requirements of the Federal Rules of Civil Procedure. (Id. at 8-9).

On November 3, 2013, Plaintiffs filed a third amended complaint. (Doc. # 52). In the third amended complaint, Plaintiffs allege, "[D]efendants conspired and invidiously discriminated against [P]laintiffs under color of state law, custom or usage of the state in order to collect a debt . . . causing the deprivation of rights of [P]laintiffs guaranteed by [the] 14th Amendment due process and equal protection clauses." (Id. at 1). On November 8, 2013, Defendants moved the Court to dismiss the third

amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. ## 54, 55). Plaintiffs responded in opposition to the Motions to Dismiss on December 5, 2013. (Doc. # 58).

**II. Legal Standard**

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a

factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. Analysis

Defendants filed the instant Motions to Dismiss seeking dismissal of Plaintiffs' third amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Defendant Kent's Motion to Dismiss contends that "Plaintiffs have failed to appropriately allege a violation of 42 U.S.C. § 1983 and . . . the Third Amended Complaint is procedurally deficient." (Doc. # 54 at 12). Defendants Riva, Carney, Koenig, and Ruoff's Motion to Dismiss similarly argues that "the Third Amended Complaint is void of any factual allegations to support . . . a claim [under 42 U.S.C. § 1983]." (Doc. # 55 at 4).

Courts construe the pleadings of *pro se* litigants more liberally than formal pleadings drafted by lawyers. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, "[t]he leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Gibbs v. U.S., 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012) (internal quotation omitted).

When construed liberally to account for Plaintiffs' *pro se* status, the Court finds that Plaintiffs' third amended complaint fails to state a claim for relief. The third amended complaint, which includes no factual statements, consists entirely of a single allegation:

> [D]efendants conspired and invidiously discriminated against [P]laintiffs under color of state law, custom or usage of the state in order to collect a debt . . . causing the deprivation of rights of [P]laintiffs guaranteed by [the] 14th Amendment due process and equal protection clauses.

(Doc. # 52 at 1).

Because of the Plaintiff's use of "under color of state law," this Court will liberally construe Plaintiffs'

third amended complaint as attempting to assert a claim under 42 U.S.C. § 1983.

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

"To state a cause of action under section 1983, [a] [p]laintiff must allege: (1) that he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law." Ridley v. Stewart, No. 3:07-cv-1173-J-16JRK, 2008 WL 876960, at *3 (M.D. Fla. Mar. 27, 2008) (citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)).

The Eleventh Circuit has explained that "an otherwise private person acts under color of state law when he is 'a willful participant in joint action' with a state actor." Cox v. Mills, 465 F. App'x 885, 887 (11th Cir.

2012)(quoting Harvey, 949 F.2d at 1133). "In this respect, the plaintiff must 'plead in detail, through reference to material facts, the relationship or nature of the conspiracy' between the private person and the state actor." Id. "It is insufficient to 'merely string together' discrete events, without showing support for a reasoned inference that the private and state actors agreed to violate the plaintiff's rights." Id.; see also Croy v. Skinner, 410 F. Supp. 117, 126 (N.D. Ga. 1976) ("[E]ven under the liberal federal pleading rules, a complainant under [Section 1983] must allege specific facts showing either the existence or the execution of the claimed conspiracy. Moreover, these facts must show overt acts related to the promotion of the conspiracy, and some link between the alleged conspirators. . . . The complaint must do more than merely state vague and conclusionary allegations respecting the existence (and operation) of a conspiracy.")

"The Eleventh Circuit has identified three tests for determining whether a private person or entity should be considered a state actor: '(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test.'" Ridley, 2008 WL 876960 at *3; (quoting Nat'l

Broad. Co. v. Commc'ns Workers of Am., 860 F.2d 1022, 1026 (11th Cir. 1988)).

> The public function test is very limited and applies only when the private party is performing a function that is traditionally within the exclusive purview of the government. Similarly, "the state compulsion test . . . limits state action to instances in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution."
>
> * * *
>
> To find state action under [the nexus/joint action test], a court must determine that "the State had so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise." Such a finding requires that the governmental body and the private party are intertwined in a symbiotic relationship.

Id. at *3-4 (internal citations omitted).

Upon review of the Plaintiffs' third amended complaint, this Court finds that the Plaintiffs have once again failed to sufficiently explain how the conduct complained of was committed by a Defendant who was acting under color of state law. The third amended complaint is devoid of any demonstration that Defendants were performing traditional governmental functions when they "conspired and

invidiously discriminated against [P]laintiffs under color of state law," or that Defendants were encouraged or coerced by the government in their alleged actions. Furthermore, Plaintiffs failed to establish that a "symbiotic relationship" existed at the relevant time between any governmental body and the private Defendants. As such, the Court finds that the third amended complaint fails to provide the coherent and concise statement of facts required to survive a motion to dismiss. Pleadings of this nature violate Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiffs have now had four opportunities to state a claim for relief in the present case. (Doc. ## 1, 3, 36, 52). Indeed, when the Court dismissed Plaintiffs' amended complaint, the Court specifically stated that dismissal was granted without prejudice "so that Plaintiffs may have the opportunity to file a second amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure." (Doc. # 33 at 5). The Court also explained how compliance with the Federal Rules of Civil Procedure might be achieved: "The second amended complaint should assert in separate counts each claim founded on a

separate transaction or occurrence. Ideally, each count should allege violations of only one statute or Constitutional provision. Additionally, Plaintiffs should reference the specific facts that support their allegations. . . .” (Id.). When the Court dismissed the second amended complaint, it again did so without prejudice “so that Plaintiffs may have the opportunity to file a third amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure.” (Doc. # 45 at 9).

Despite these opportunities, Plaintiffs have not stated a claim upon which relief can be granted in their third amended complaint. While the Court understands that the litigation process can be a complex and difficult one for *pro se* litigants, it cannot afford any litigant unlimited opportunities to amend without unduly burdening the opposing party. Therefore, the Court grants Defendants' Motions to Dismiss, and as a result Plaintiffs' third amended complaint is dismissed with prejudice.

**IV. Attorney's Fees**

In their Motions, Defendants assert that they are entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988. (Doc. ## 54 at 12; 55 at 6). Under 42

U.S.C. § 1988, "a prevailing defendant is entitled to recover attorney's fees if 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Sibley v. Levy, 203 F. App'x 279, 280 (11th Cir. 2006) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)). "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" Id. (quoting Sullivan v. Sch. Bd. of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985)).

Although 42 U.S.C. § 1988 allows this Court to award attorney's fees in an action to enforce a provision of 42 U.S.C. § 1983, this Court notes that the language of § 1988 provides that it is within the Court's discretion to award such fees. Upon consideration of the circumstances surrounding this matter, the Court declines to award attorney's fees pursuant to 42 U.S.C. § 1988.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motions to Dismiss Plaintiffs' Third Amended Complaint with Prejudice (Doc. ## 54, 55) are **GRANTED.**

(2) This case is dismissed with prejudice.

(3) The Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of December, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record